UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| DR. AARON H. DYER<br>by and through his Attorney-in-fact,<br><br>Michelle E. Dyer, POA,<br>Plaintiff,<br><br>v.<br><br>WARDEN OF SOUTH WOODS<br>STATE PRISON, et al.,<br><br>Defendants. | Civ. No. 25-14807 (RK)<br><br>MEMORANDUM OPINION |

The instant Petition and motion for a temporary restraining order ("TRO") seeking "emergency" relief (ECF Nos. 1, 2) are purportedly brought on behalf of state prisoner Aaron Dyer by his wife and "Attorney-in-Fact" Michelle E. Dyer ("Dyer") pursuant to "28 U.S.C. §§ 2241 and 2254." Dyer did not submit the $5.00 filing fee. The Court has screened the Petition for summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts to determine if it "plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief[.]" For the reasons explained below, the Court finds that it lacks jurisdiction over the petition because Dyer has not met the requirements to act as a "next friend" on her husband's behalf.

Public records indicate that Aaron Dyer was sentenced in November 2023 for one count of sexual assault under N.J.S.A. 2C:14-2(c) and sentenced to five years imprisonment.[1] He is currently serving that sentence at South Woods State Prison. Among other forms of relief, the

---

[1] *See* State of New Jersey, Department of Corrections, Inmate Locator, available at https://www-doc.state.nj.us/DOC_Inmate/details?x=1578110&n=0 (last visited Sept. 18, 2025).

Petition seeks Aaron Dyer's "immediate release from unlawful custody," a court order enjoining respondents from enforcing Aaron Dyer's Judgment of Conviction entered November 16, 2023, or the Amended Judgment of Conviction entered on December 1, 2023,[2] or a court order directing respondents to Show Cause as to why her husband should not be released from custody. (*Id.* at 1; *see also* Petition at 5-6.) In addition to characterizing herself as her husband's "attorney in fact," Dyer also states that she is bringing the Petition as a "next friend." (*Id.* at 6-7.)

The Petition alleges that Aaron Dyer

> is a 100% Total and Permanent disabled veteran with 70% PTSD/TBI rating; his spouse Michelle Dyer is also a 100% T&P disabled veteran. Prior to incarceration, Petitioner had a federally authorized VA Care Plan with his spouse as caregiver terminated solely due to incarceration.

(Petition at 3.) As explained by the U.S. Department of Veteran Affairs, "VA disability compensation (pay) offers a monthly tax-free payment to Veterans who got sick or injured while serving in the military and to Veterans whose service made an existing condition worse." A serviceperson qualifies for VA disability benefits "for physical conditions (like a chronic illness or injury) and mental health conditions (like PTSD) that developed before, during, or after service."[3] The serviceperson's "disability rating based on the severity of [his or her] service-connected condition" the Department uses the disability rating "to determine how much disability

---

[2] According to the Petition, "[o]n December 1, 2023, an Amended Judgment of Conviction was entered substituting Parole Supervision for Life under N.J.S.A. 2C:14-2c(3)(c), without a plea hearing or other due process protections." (Petition at 2.) The Petition also contends that the victim was 21 at the time of the incident, and that exhaustion is excused due to various acts of misconduct by the state court judge and his staff. (*Id.* at 3.)

[3] *See* U.S. Department of Veteran Affairs website, available at https://www.va.gov/disability/ (last visited Sept. 18, 2025).

compensation [a serviceperson will] receive each month, as well as [his or her] eligibility for other VA benefits.[4]

As a threshold matter, the Court addresses whether Dyer has met the requirements for standing as a next friend. The federal habeas statute requires that that a petition for a writ of habeas corpus "shall be in writing signed and verified by the person for whose relief it is intended or someone acting in his behalf." 28 U.S.C. 2242 (emphasis added); *see also* Rule 2(c)(5) of the Rules Governing Section 2254 Cases in the United States District Courts. In limited circumstances a "next friend" has standing to proceed on an inmate's behalf in a federal habeas proceeding. This standing doctrine permits persons unable to prosecute their own action to have third persons— "next friends"—stand in for them. *See generally, Whitmore v. Arkansas*, 495 U.S. 149 (1990). However, "next friend" standing "is by no means granted automatically to whomever seeks to pursue an action on behalf of another," *Id.* at 163 (1990), and next friend habeas petitions are "rare." *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998).

In order to qualify for "next friend" status, Dyer must establish that (1) she is "truly dedicated" to Plaintiff's best interest; (2) that she has a "significant relationship" with Plaintiff; and (3) that there is an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why her husband cannot appear on his own behalf to prosecute the action. *See Whitmore*, 495 U.S. at 163–64; *In re Zettlemoyer*, 53 F.3d 24, 27 (3d Cir. 1995). The burden is on the 'next friend' to establish this prerequisite." *Id.* (quoting *Whitmore*, 495 U.S. at 163-64). "The next friend requirements are jurisdictional[.]" Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, 7th ed., § 8.3 Lexis (database updated Dec. 2022). "Where

---

[4] *See id*, https://www.va.gov/disability/about-disability-ratings/ (last visited Sept. 18, 2025).

standing is lacking, the federal courts lack the power to grant habeas relief." *In re Zettlemoyer*, 53 F.3d at 26 (citing *Demosthenes v. Baal*, 495 U.S. 731, 737 (1990)).

Here, the Court finds that Dyer has not established standing as a next friend. From the outset, a power of attorney does not confer "next friend" status. *Montelione ex rel. Montelione v. Corbett*, No. 1:08-cv-0790, 2008 WL 1994816, at *1 (M.D. Pa. May 2, 2008) (power-of-attorney contract "is a private contract between two adults. It does not circumvent binding judicial precedent to confer Article III standing upon [movant] for purposes of [filing] the instant [habeas] petition on [inmate's] behalf."). And although Dyer contends that 70% of her husband's disability rating is due to PTSD and TBI, she provides insufficient evidence that these diagnoses, which apparently qualified her husband for disability payments, render him unable to proceed on his own behalf in a habeas proceeding. In addition, it is not clear that Dyer is dedicated to her husband's best interests. There is no indication that her husband wishes to file a habeas petition challenging his conviction and/or his subsequent denial of parole, and Dyer appears motivated, at least in part, by the discontinuation of her VA caretaker benefits, which have caused her financial hardship. For all these reasons, Dyer has not met the requirements for standing as a next friend, and the Court lacks jurisdiction over the Petition.[5]

---

[5] In addition, Dyer, as a non-attorney, cannot represent her husband in these proceedings. *See, e.g., Schlemmer v. Cent. Intel. Agency*, 804 F. App'x 127, 128 n.2 (3d Cir. 2020) (affirming the district court's order denying inmate's motion to confer next friend standing enabling him to file a federal habeas petition for a fellow inmate; noting, among other things, that "as a layperson, [the movant] cannot represent other parties.") Moreover, petitioners seeking habeas relief have no constitutional right to counsel in a § 2254 proceeding, *see Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987), The Court, however, has discretion to appoint a financially eligible habeas petitioner counsel if it determines that the interests of justice so require. 28 U.S.C. § 2254(h); 18 U.S.C. § 3006A(a)(2)(B).

Because Dyer has not shown that she has standing to bring a petition on behalf of her husband, the Court will direct the Clerk to dismiss this action <u>without prejudice</u> for lack of jurisdiction,[6] terminate the motion for a TRO (ECF No. 2) and motion to seal (ECF No. 4), and mark this matter as closed.

The Court notes that Dyer filed exhibits that contain unredacted sensitive information, including the name of the victim from her husband's criminal proceedings and her husband's and her own medical information. Pursuant to the Court's inherent authority to manage its docket, the Court directs the Clerk to seal ECF Nos. 1-2 through 1-10 and ECF Nos. 5-2 through 5-6.

Finally, if Dyer can provide sufficient evidence showing that her husband is unable to proceed on his own behalf and that she otherwise meets the requirements for "next friend" status, she may file a motion to reopen this matter within 30 days accompanied by the $5.00 filing fee.

An appropriate Order follows.

_____
ROBERT KIRSCH
United States District Judge

---

[6] The Court does not reach the merits of the Petition, and nothing in this Memorandum Opinion prevents Aaron Dyer from seeking habeas relief on his own behalf.