**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

DR. AARON H. DYER
by and through his Attorney-in-fact,

:
:
:

Civ. No. 25-14807 (RK)

Michelle E. Dyer, POA,
        Plaintiff,

:
:
:
:

MEMORANDUM OPINION

    v.

:
:

WARDEN OF SOUTH WOODS
STATE PRISON, et al.,

:
:
:

        Defendants.

:
:

Currently pending before the Court is Michelle Dyer's ("Dyer") Motion to Seal and three Motions to Reopen Proceedings in this habeas case. (ECF Nos. 12, 14, 17-18.) The Court previously denied without prejudice Dyer's request to proceed as a "next friend" on behalf of her husband, Aaron Dyer, who is serving a 5-year sentence for one count of sexual assault under N.J.S.A. 2C:14-2(c). (*See* ECF Nos. 10-11.) For the reasons explained below, the Court denies the motions and dismisses the petition for lack of jurisdiction because Dyer does not meet the requirements to act as a "next friend" on her husband's behalf.

In her Motion to Seal, Dyer seeks an order sealing all documents in this case and "[d]irecting that no sealed filings, exhibits, orders, or docket notices be mailed, transmitted, or otherwise provided to [Aaron Dyer] while confined in DOC custody, as such transmission risks catastrophic psychological and physical destabilization and endangers his safety." (ECF No. 12 at 2.) Dyer's claims that her husband will face psychological or physical harm if he receives notice of this action are conclusory and unsupported. (*See also* ECF No. 9-1 at 2 (claiming there is a bounty on her husband's head).) The Motion to Seal the entire docket and prevent transmission to

Aaron Dyer is denied. In its prior Order, the Court directed the Clerk to seal ECF Nos. 1-2 through 1-10 and ECF Nos. 5-2 through 5-6. Those entries shall remain sealed. The Clerk shall also permanently seal ECF Nos. 12-2, 14-2, 14-3, 17-3, which contain personal information, but the remaining entries filed under seal by Dyer shall be unsealed.

The Court next addresses Dyer's Motions to Reopen in order to proceed as a next friend on her husband's behalf. The "next friend" doctrine permits persons unable to prosecute their own action to have third persons stand in for them. *See generally*, *Whitmore v. Arkansas*, 495 U.S. 149 (1990). However, "next friend" standing "is by no means granted automatically to whomever seeks to pursue an action on behalf of another," *Id.* at 163, and next friend habeas petitions are "rare." *Figueroa v. Rivera*, 147 F.3d 77, 82 (1st Cir. 1998). In order to qualify for "next friend" status, Dyer must establish that (1) she is "truly dedicated" to Plaintiff's best interest; (2) that she has a "significant relationship" with Plaintiff; and (3) that there is an adequate explanation—such as inaccessibility, mental incompetence, or other disability—why her husband cannot appear on his own behalf to prosecute the action. *See Whitmore*, 495 U.S. at 163–64; *In re Zettlemoyer*, 53 F.3d 24, 27 (3d Cir. 1995). The burden is on the 'next friend' to establish this prerequisite." *Id.* (quoting *Whitmore*, 495 U.S. at 163-64). "The next friend requirements are jurisdictional[.]" Randy Hertz & James S. Liebman, Federal Habeas Corpus Practice and Procedure, 7th ed., § 8.3 Lexis (database updated Dec. 2022). "Where standing is lacking, the federal courts lack the power to grant habeas relief." *In re Zettlemoyer*, 53 F.3d at 26 (citing *Demosthenes v. Baal*, 495 U.S. 731, 737 (1990)).

In her Motion to Reopen, Dyer attaches (a) a General Power of Attorney executed on April 2, 2024, (b) her New Jersey Medical Marijuana Program Caregiver Identification, and (c) her own Certification as exhibits. (ECF Nos. 14-2, 14-3, 14-4.) She claims these documents "establish

2

Movant's authority and confirm Next Friend standing under *Whitmore v. Arkansas*, 495 U.S. 149 (1990)." (ECF No. 14 at 3.) Dyer also seeks to prevent Petitioner from receiving copies of these documents. (*See* ECF No. 13.)

The Court has reviewed Dyer's Motion to Reopen at ECF No. 14 and her Amended Motions to Reopen at ECF Nos. 17-18 and finds that she does not establish herself as a next friend. As the Court stated in its prior decision, a power of attorney does not confer standing as a next friend. Nor does a New Jersey Medical Marijuana Caregiver Identification card. The Court credits Dyer's claims that she has acted as her husband's caregiver since 2012, that he is a disabled veteran who received disability benefits, and that he was being treated for "Post-traumatic Stress Disorder and Major Depressive Disorder" prior to his incarceration. (ECF No. 14, Dyer Cert. at ¶ 7; ECF No. 17-3 at 20). Dyer has not provided sufficient evidence that her husband's disabilities or current condition prevent him from filing a habeas petition on his own behalf. Dyer's vague claims that he is unable to "manage the emotional toll of complex federal litigation pro se" do not satisfy this standard. (ECF No. 14, Dyer Cert. at ¶ 7.) According to Dyer, her husband's disabilities prevent him from holding employment but do not prevent him from earning an advanced degree or parenting his young children with proper support. (ECF No. 17-3 at 1.) And although Dyer contends that her husband is not receiving adequate treatment in state prison (*id.* at 6, 9), she provides no evidence to corroborate her claims about his current condition.[1]

Dyer also fails to show that she has her husband's best interest in mind in bringing this action. As the Court noted in its prior decision, Dyer appears motivated, at least in part, by the discontinuation of her VA caretaker benefits, which have caused her financial hardship. More

---

[1] To the extent Aaron Dyer is not being provided adequate mental health care and/or medical care in prison, his recourse is to file a civil rights action under 42 U.S.C. § 1983 or an action under state law.

troubling in this regard, Dyer fails to provide a coherent explanation for why she is seeking to prevent her husband from receiving notices and exhibits related to this action. Indeed, Dyer's requests to seal the case in its entirety and restrict her husband from receiving notices about the case appear designed to prevent him from learning that she is seeking relief on his behalf. For these reasons, the Court denies Dyer's request to proceed as a next friend for Aaron Dyer and will dismiss the Petition without prejudice for lack of standing.

The Court does not reach the merits of the Petition but notes that the claims in the Petition also appear unexhausted, 28 U.S.C. § 2254(b)(1)(A), and Dyer's unsupported claims of state court misconduct are insufficient to excuse exhaustion. Therefore, even if the Court were to permit Dyer to bring the Petition as a next friend, the Court would dismiss the Petition without prejudice as unexhausted.

This matter shall be marked closed. Nothing in this Memorandum and the accompanying Order prevents Aaron Dyer from seeking habeas relief on his own behalf or through a licensed attorney. The Court will direct the Clerk of the Court to send a copy of this Memorandum and the accompanying Order to Aaron Dyer at the address on file, along with the forms for filing either a habeas petition or a civil rights action. An appropriate Order follows.

_____
ROBERT KIRSCH
United States District Judge

4